JAMES C. McDONALD

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

An adjacent house-owner, who with his family is seriously annoyed by the loud noises and offensive odors from hucksters selling their produce from wagons in the public space surrounding a city park, including the sidewalks in front of and near his house, which disturb the sleep and comfort and conversation of the family, may enjoin the city from using, or authorizing or taking pay for the use of the streets in question, as a market place or stand

McDonald *v.* Newark.

for the sale of goods, although the nuisance may be also a public one, to be remedied as such, by indictment, and although the city does not create the nuisance, but only takes fees from the hucksters who do create it.

Bill for injunction.   On final hearing on pleadings and proofs.

*Messrs. Teese & Pitney,* for complainant.

*Mr. Joseph Coult,* for defendants.

THE CHANCELLOR.

The complainant is the owner of a dwelling-house, in which he resides, fronting upon the street called Park Place, in Newark.   Between that street and Broad street is an open triangular space known as Military Park or Common.   For a long time past the city authorities have permitted hucksters of vegetables and other country produce to occupy the west side of Park Place and the east side of Broad street (including the sidewalks on both the east and west sides of the park), in front and in the immediate vicinity of the complainant's house, for the purposes of their business.   Their wagons stand upon the street, being backed up to the sidewalk, and the hucksters occupy the sidewalk with their goods, and stand there and sell them.   By ordinance the city has limited such occupation to certain hours of the day—to the period between eight o'clock P. M. and eight o'clock A. M. from April to November, and between seven P. M. and nine A. M. for the rest of the year.   The complainant's house is near the front or small end of the park.

The complainant seeks an injunction to prevent the city from occupying any part of the street in front or in the vicinity of his property for market purposes, upon the ground that such use thereof is a nuisance to him and his family.   The annoyance complained of is loud noises and offensive smells.   The noise is of the stamping of horses' feet, the rumbling of wagons, the rattling of chains and harness, the shouting of men to their horses and to each other, the throwing of barrels and boxes from the wagons to and upon the sidewalk, the hawking of the goods

McDonald *v.* Newark.

and the hum and bustle of the crowd of purchasers. The noises seriously disturb the sleep of the complainant and his family, and interfere with conversation in the house. The odors complained of arise from the refuse and from the smoke of the torches used by the hucksters in their business, and they pervade the complainant's house. That this complaint of annoyance is well founded is not denied, and that the annoyances complained of constitute a nuisance is not disputed. But it is urged, on behalf of the defendants, that the complainant and his family are not the only ones who are affected by the nuisance, and it is urged that since other persons similarly situated are also annoyed by it, the nuisance must be regarded as public and not private. And again, it is contended that this suit cannot be maintained against the city, because the city does not create the nuisance, but only takes fees for the occupation of the street and sidewalk by the hucksters. Obviously, a nuisance may be an injury common to many persons and yet be a private and not a public nuisance; and there are nuisances which are at the same time both private and public, in the committing whereof both public and private rights are violated. In such cases the offence against the public at large may be punished by indictment, and redress for the special injury to individuals may be sought by suit. *Higbee* v. *C. & A. R. R. Co., 4 C. E. Gr. 276; High on Inj.* §§ *521, 522.* In the case in hand, the use of the streets for a market-place is, under the circumstances, a public nuisance. Such use of the highway is wholly unwarranted. The entire street is for the use of the public at large, and the unauthorized use of part of it for a market is a public nuisance. *State* v. *Laverack, 5 Vr. 201.* Nor does the grant, by the officers of the city, of permission so to use the street, legalize such use. The use is not only a public nuisance, but it is, so far as the complainant and others similarly affected are concerned, a private nuisance also. Where, as in this case, an individual is specially injured by the unauthorized use of a street, he may have recourse to this court for relief.

The answer admits that the city has, through its market clerk, designated the places in question as places to be used for market purposes, and has, from day to day for a long time, licensed per-

sons to occupy them for the sale of their produce, and has collected and received for its use the license fees therefor; but the defendants insist that such use of the street is reasonable and lawful. The city then, under color of its authority, authorizes the hucksters, for a consideration paid to it, to occupy parts of the public highway for the purpose of vending their goods. It thus unlawfully makes a market-place of the streets, and it is, therefore, responsible for the nuisance occasioned thereby. *St. John* v. *Mayor &c. of New York, 3 Bosw. 483.* It manifestly is the wrong-doer. It will be enjoined from using or authorizing or taking pay for the use of the streets in front or in the vicinity of the complainant's house, as a market-place or as a stand for the sale of goods.